IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL NIEDERBERGER,

    Plaintiff,

v.                                                                               CIVIL NO. JKB-23-2759

WEGMANS FOOD MARKETS, INC.,

    Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

Pending before the Court is Defendant Wegmans Food Markets, Inc.'s ("Wegmans'") Motion to Quash and for Protective Order (ECF No. 57). The Motion will be granted in part and denied in part.

### I. BACKGROUND

Niederberger filed suit against Wegmans alleging nine counts of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and its Maryland state law analogue, the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't, §§ 20-601, *et seq.* (West 2025). (ECF No. 1.) All but two counts were dismissed. (ECF No. 28.) The surviving counts allege that Wegmans failed to accommodate Niederberger's religious beliefs when it imposed discipline, including removal from a supervisory position, for his refusal to use the preferred gender pronouns of a coworker under his supervision. (*See* ECF No. 27.)

The case proceeded to discovery, and Niederberger served a Notice of 30(b)(6) Deposition of Wegmans on December 24, 2024. (ECF No. 57 at 6; ECF No. 58 at 2.) The notice included 70 topics, and Wegmans objected, writing that the notice was "substantially overbroad, unduly

burdensome, and disproportionate to the needs of the case, particularly given the narrow issue that remains." (ECF Nos. 56-5, 56-6.) Niederberger amended the Notice on January 21, 2025, though it still included 70 topics. (ECF No. 57-7.) Wegmans reiterated its objections, adding that certain topics were irrelevant, and others were duplicative of other discovery. (ECF No. 57-8.) Niederberger declined to revisit the issue until months later, when, on May 5, 2025, he asked Wegmans to reserve a date for the deposition. (ECF No. 57-9.) Wegmans objected again (*id.*) and Niederberger agreed, on May 23, 2025, to "narrow the scope of the 30b6 topics." (ECF No. 57-10.) Niederberger served his second amended notice on August 18, 2025, and it included 58 topics rather than the original 70. (ECF No. 57-2.) Wegmans objected to both the number and nature of the remaining topics (ECF No. 57-14), and on September 12, 2025, it filed the instant Motion.

Wegmans seeks entry of an order quashing the second amended notice, prohibiting Niederberger from taking any 30(b)(6) deposition of Wegmans, and awarding attorney's fees and expenses incurred in connection with its Motion. (ECF No. 57-20.)

## II.   LEGAL STANDARDS

Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b) also provides that the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). And Rule 26(c) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, *inter alia*, by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1).

2

A district court enjoys broad discretion in managing discovery. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). The court "balance[s] various factors to determine just how much discovery is reasonable in a given case" and has "great flexibility" in doing so. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000).

### III. ANALYSIS

#### A. 30(b)(6) Deposition

Niederberger's 30(b)(6) notice is not proportional to the needs of this case, given the number of topics it includes and the limited claims that remain at issue. Rule 30(b)(6) permits a party to depose an entity upon service of a notice listing the matters for examination with reasonable particularity. Fed. R. Civ. P. 30(b)(6). The entity, in turn, must "produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the" entity. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (internal quotation omitted). The Rule is meant to "curb the 'bandying' by which [entity employees] are deposed in turn but each disclaims knowledge of facts that are clearly known to the persons in the organization," and to "assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge." Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment.

When properly employed, Rule 30(b)(6) creates efficiencies for both the party seeking discovery and the party producing it. However, for the Rule to function as intended, both parties must fulfill their respective obligations—for witnesses to be adequately prepared, topics must be listed with reasonable particularity and limited to what is proportional to the needs of the case. Where a party seeks 30(b)(6) testimony beyond these bounds, the duty to prepare entity witnesses can become an undue burden. *See Snodgrass v. Esper*, No. 1:18-cv-00450, 2021 WL 11645431,

at *3 (D. Md. Jan. 12, 2021) ("[I]f an organization is obligated to produce a knowledgeable witness that will bind it, it is only fair to give the [organization] a very clear idea as to those subject areas as to which it will be bound, and that such questions be limited by the touchstones of relevance and proportionality found in Rule 26(b)(1)."); *see also Va. Dep't of Corr.*, 921 F.3d at 186–87; *Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 WL 697663, at *7–8 (D. Md. Feb. 21, 2017); *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023); *Apple Inc. v. Samsung Elec. Co., Ltd.*, No. C 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012).

The remaining claims in this action allege that Wegmans failed to accommodate Niederberger's religion in violation of Title VII and FEPA. (*See* ECF No. 27.) Thus, the issues at stake here—namely whether Niederberger's bona fide religious belief conflicted with an employment requirement and resulted in his discipline, and whether accommodating Niederberger's belief would create an undue burden on Wegmans (*see id.* at 5–6)—are relatively few and uncomplicated. The Court finds that they do not warrant requiring Wegmans to prepare an entity witness (or witnesses) to testify on 58 distinct, wide-ranging topics. Other courts have found this many topics, or fewer, to be excessive in similar circumstances. *See, e.g., Willy v. Sherwin-Williams Co.*, No. 3:21-cv-00054, 2022 WL 1553703, at *5–6 (D. Ore. May 17, 2022) (finding 50-plus topics excessive in the context of an employment discrimination case); *Matthys v. Barrick Gold of N. Am., Inc.*, No. 3:20-cv-00034, 2021 WL 3604834, at *2 (D. Nev. Aug. 13, 2021) (finding 40 topics excessive in the context of a disability discrimination case); *Bowers v. Mortg. Elec. Reg. Sys., Inc.*, No. 10-4141-JTM, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (finding 22 topics excessive in the context of a mortgage dispute). As Wegmans repeatedly asserted in communications with Niederberger, producing an adequately prepared witness (or witnesses) to testify on 58 distinct topics would be an undue burden in the context of this case. Accordingly, Niederberger's 30(b)(6) notice will be quashed.

4

### B. Protective Order

Wegmans has not, however, established good cause for an order barring Niederberger from taking *any* 30(b)(6) deposition. The Court notes that Niederberger has not been diligent in his efforts to take the deposition at issue. As recounted above, Niederberger first served his 30(b)(6) notice in December 2024. He failed to reduce the number of topics until nearly nine months later, in August 2025, despite repeated, consistent objections from Wegmans, and even then, he narrowed them only minimally. Niederberger ultimately served the amended notice on August 18, 2025, less than a month before the then-applicable discovery deadline (*see* ECF No. 47), leaving little time for the parties to resolve this dispute without the involvement of the Court. But despite Niederberger's lack of diligence—which the Court has now noted twice (*see* ECF No. 53)—a full prohibition on any 30(b)(6) deposition of Wegmans would be draconian. Instead, the Court will order that Wegmans be given adequate time (14 days) to prepare its 30(b)(6) witness(es) to testify on a reasonable number of topics (no more than 10), if Niederberger serves a revised, lawful notice promptly upon receipt of the Court's order (within 14 days). This procedure will not cause Wegmans any undue burden or expense, and permitting a 30(b)(6) deposition proportional to the needs of this case will balance the parties' interests while allowing for an expeditious conclusion of discovery.

### C. Attorney's Fees and Expenses

Wegmans' request for an award of attorney's fees and expenses incurred in the filing of its Motion will be denied. Rule 26 provides that where a party from whom discovery is sought moves for a protective order, "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5), in turn, provides that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court declines to award Wegmans its expenses here.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wegmans Food Markets, Inc.'s Motion to Quash and for Protective Order (ECF No. 57) will be granted in part and denied in part. Niederberger's August 18, 2025, Amended Notice of Deposition of Wegmans Pursuant to Rule 30(b)(6) (ECF No. 57-2) will be quashed; Niederberger will be permitted to serve a revised 30(b)(6) notice; and Wegmans' request for attorney's fees and expenses will be denied. A separate Order will issue.

DATED this 16 day of October, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge