## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **MICHAEL NIEDERBERGER,** | * |
| **Plaintiff,** | * |
| **v.** | *        **CIVIL NO. JKB-23-2759** |
| **WEGMANS FOOD MARKETS, INC.,** | * |
| **Defendant.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

Pending before the Court is Defendant Wegmans Food Markets, Inc.'s ("Wegmans'") Second Motion to Quash and for Protective Order. (ECF No. 67.) The Motion will be granted.

### I.    BACKGROUND

Niederberger filed suit against Wegmans alleging nine counts of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and its Maryland state law analogue, the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't, §§ 20-601, *et seq.* (West 2025). (ECF No. 1.) All but two counts were dismissed. (ECF No. 28.) The surviving counts allege that Wegmans failed to accommodate Niederberger's religious beliefs when it imposed discipline, including removal from a supervisory position, for his refusal to use the preferred gender pronouns of a coworker under his supervision. (*See* ECF No. 27.)

The case proceeded to discovery, and Niederberger served a Notice of 30(b)(6) Deposition of Wegmans on December 24, 2024. (ECF Nos. 57 at 6, 58 at 2.) The notice included 70 topics, and Wegmans objected, writing that the notice was "substantially overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly given the narrow issue that remains."

(ECF Nos. 56-5, 56-6.) Over the course of several months, the parties exchanged amended notices and further objections, which they were unable to resolve on their own.

On September 12, 2025, Wegmans filed its first Motion to Quash and for Protective Order (ECF No. 57), which Court granted in part and denied in part on October 16, 2025. (ECF Nos. 60, 61.) As is relevant here, the Court quashed Niederberger's pending deposition notice, which listed 58 topics, as unduly burdensome and not proportional to the needs of the case, but ordered that Niederberger would be permitted to take a 30(b)(6) deposition of Wegmans if he timely served a revised, lawful notice with no more than 10 topics, stated with reasonable particularity, and completed the deposition within 30 days of service of such notice. (ECF No. 61.) The Court noted that Niederberger "ha[d] not been diligent in his efforts to take the deposition at issue," and that this was not the first time it had noted Niederberger's lack of diligence, but found nevertheless that "a full prohibition on any 30(b)(6) deposition of Wegmans would be draconian." (ECF No. 60 at 5.)

Niederberger then served a 10-topic amended notice on October 30, 2025 (ECF No. 67-6), making his deadline to complete the 30(b)(6) deposition November 30, 2025. The parties continued to exchange objections and amended notices (*see, e.g.*, ECF Nos. 67-6, 67-7, 67-10, 67-13, 67-15), and Niederberger's November 30, 2025, deadline came and went. More than a month after the deadline had already passed, Niederberger sought leave of the Court to extend that deadline. (*See* ECF No. 66.) Given Wegmans' consent to the extension and approving of its apparent effort to negotiate a mutually agreeable notice rather than resorting to the involvement of the Court, the Court extended Niederberger's deadline to take the deposition to February 28, 2026. (*Id.*) The Court warned Niederberger, however, "to take heed that further requests for extension [would] not be viewed favorably by the Court." (*Id.*)

Niederberger subsequently served yet another amended notice of deposition (ECF No. 68), which Wegmans claims "failed to make any meaningful revisions or incorporate various compromises Wegmans indicated it would agree to." (ECF No. 67-1 at 11; *see also* ECF Nos. 71–72.) In serving the now-pending notice of deposition on January 29, 2026, Niederberger's counsel wrote that if Wegmans continued to find it objectionable, it should seek judicial intervention. (ECF No. 67-19.)

On February 10, 2026, Wegmans filed the pending motion—its Second Motion for Protective Order and to Quash (ECF No. 67)—arguing that Niederberger has "repeatedly insisted on facially improper deposition topics, notwithstanding Wegmans' multiple good-faith offers of compromise," and has exhibited a "manifest lack of diligence in pursuing the instant dispute." (ECF 67-1 at 5, 11.) Wegmans seeks an order quashing Niederberger's pending notice of deposition, barring Niederberger from deposing Wegmans on the topics set forth therein, and awarding Wegmans its attorneys' fees and costs incurred in the filing of its motion. (ECF Nos. 67, 67-26.)

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) provides that the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Rule 26(c) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

3

oppression, or undue burden or expense," including, *inter alia*, by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1).

A district court enjoys broad discretion in managing discovery. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). The court "balance[s] various factors to determine just how much discovery is reasonable in a given case" and has "great flexibility" in doing so. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000).

In evaluating whether there is "good cause" for a protective order prohibiting a 30(b)(6) deposition, courts consider the policy considerations underlying Rule 30(b)(6), which require, among other things, that deposition topics be stated with reasonable particularity and are proportional to the needs of the case. *See BioConvergence LLC v. Emergent BioSolutions, Inc.*, No. 1:21-cv-01959-CCB, 2023 WL 3866412, at *2 (D. Md. June 7, 2023). As the Court has previously explained:

> When properly employed, Rule 30(b)(6) creates efficiencies for both the party seeking discovery and the party producing it. However, for the Rule to function as intended, both parties must fulfill their respective obligations—for witnesses to be adequately prepared, topics must be listed with reasonable particularity and limited to what is proportional to the needs of the case. Where a party seeks 30(b)(6) testimony beyond these bounds, the duty to prepare entity witnesses can become an undue burden.

(ECF No. 60 at 3–4 (citations omitted).) Thus, where 30(b)(6) topics are not listed with reasonable particularity or exceed the bounds of what is proportional to the needs to the case, there is good cause for entry of a protective order. *BioConvergence*, 2023 WL 3866412, at *2.

### III. ANALYSIS

#### A. 30(b)(6) Deposition

There is good cause for a protective order barring Niederberger from deposing Wegmans. Several of the topics in the pending notice of deposition exceed the bounds of what is proportional to the needs of the case and consistent with the requirements of Rule 30(b)(6). The Court will

4

therefore quash Niederberger's notice. Further, because Niederberger is out of time to serve a revised 30(b)(6) notice and has continued to pursue his case carelessly and without appropriate diligence, the Court will also deny Niederberger's request for a narrower remedy that permits him an extension of time within which to serve yet another revised notice. (*See* ECF No. 79 at 7 ("The proper remedy, if any, would be . . . [to] order the parties to hold a genuine Rule 104.7 conference and narrowly tailor the disputed topics under Court supervision, rather than quash the notice in its entirety."); ECF No. 82 (requesting—on March 2, 2026—an extension of the February 28, 2026, deadline for taking the deposition at issue).) The Court has afforded Niederberger ample opportunity to obtain the discovery he was once entitled to and finds it implausible that further instructions to negotiate the scope of his topics will suffice to resolve the instant dispute.

Wegmans advances several meritorious objections that each apply to multiple topics included in Niederberger's pending notice of deposition. The Court notes three examples. First, Wegmans objects to most of Niederberger's deposition topics—all but Topics 6 and 7—on the grounds that after specifying a substantive topic, they append: ". . . and all other documents on this particular topic that are responsive to Plaintiff's Amended Requests for Production of Documents [listing specific requests] but that were not already produced." (ECF No. 67-1 at 13–24.) Wegmans asserts that this renders these topics "vague, ambiguous, lacking in reasonable particularity, and overbroad . . . [and] makes it impossible for Wegmans to properly and adequately prepare a witness to testify regarding any number of unidentified documents that could be identified as exhibits and inquired about during the deposition." (*Id.* at 14.) Niederberger's response brief provides no meaningful answer to this charge—he asserts only that he "asked for Defendant to produce any other responsive documents that had not yet been produced (something exclusively within the knowledge and control of the defendant)." (ECF No. 79 at 5.) While of course Niederberger was within his rights to make such a request, including this language in a

30(b)(6) notice is not the appropriate means by which to do so. Wegmans cannot be expected to adequately prepare a corporate designee, consistent with its obligations under the Rules, without any indication of which documents (if any) Niederberger intends to inquire about, as the language at issue would require.

Second, Wegmans objects to the inclusion of a particular set of documents—namely those Bates-stamped "Wegmans_0001842–65."—in several of Niederberger's 30(b)(6) topics (Topics 2, 8, 9, and 10). (ECF Nos. 67-1 at 11–12; 84 at 4–5.) Wegmans explains that these documents are a compilation of detailed, single-spaced notes from interviews that were conducted related to Plaintiff's refusal to use his subordinate's preferred name and pronouns. (*Id.*) Niederberger does not contest that all but one of the individuals involved in these interviews have been deposed as fact witnesses, nor does he provide any other explanation as to why the significant burden of preparing a corporate designee to testify about these relatively voluminous notes and conversations would be warranted under the circumstances. It is theoretically possible that such testimony could remediate the "'bandying' by which [entity employees] are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization"—one of the key purposes of Rule 30(b)(6), *see* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment— but Niederberger fails to assert, let alone demonstrate, that this is the case. Given Wegmans' showing that Niederberger has already had an opportunity to conduct discovery about these documents and their contents, including through deposition testimony, he needed to provide at least some explanation as to why inclusion of this topic in a 30(b)(6) notice would not be duplicative, cumulative, and beyond what is proportional to the needs of the case. The Court finds he has failed to do so.

Third, Wegmans complains that several topics—Topics 1, 4, 5, 7, 8, and 10—are overbroad given the narrow issues that remain at stake in the case. (ECF No. 67-1 at 13–24.) These topics

seek information concerning stores other than the Frederick, Maryland, store where Plaintiff worked and/or time periods that may not be relevant to the case. (*Id.*) Topic 1, for example, seeks testimony on "policies on accommodation of employees' religion . . . in Defendant's Maryland stores." (ECF No. 68.) But Niederberger fails to identify a reason why policies applicable outside of the Frederick, Maryland, store where Plaintiff worked would be relevant to the applicable legal questions—namely whether Niederberger's bona fide religious belief conflicted with an employment requirement and resulted in his discipline, and whether accommodating his belief would create an undue burden on Wegmans. (*See* ECF No. 27 at 5–7.) Topics 4 and 5 are similarly overbroad in their geographical scope, and the Court finds that a geographical limitation would have been appropriate in all three of these topics.[1]

These examples illustrate that Wegmans has demonstrated good cause for a protective order quashing at least these aspects of Niederberger's pending deposition notice.[2] But more critically, to permit Niederberger to revise his notice accordingly and re-serve it would require an extension of his already-expired deadline for taking the deposition at issue. Niederberger has not been diligent in his efforts to obtain the discovery he seeks, and accordingly, the Court will not grant any such extension.

---

[1] By contrast, the Court finds Wegmans' complaints about the temporal scope of Topics 7, 8, and 10 to be unpersuasive. Topic 7, for example, seeks testimony about "each and every policy or procedure that you believe Plaintiff has violated at any time during his employment with you." (*See* ECF No. 67-1 at 20–21.) Wegmans asserts that "the time period is grossly overbroad as it covers the entire dozen-plus years of Plaintiff's employment with Wegmans." (*Id.*) However, because the explanation of why Plaintiff was disciplined goes to the heart of what remains at issue in the case, this assertion alone is insufficient. If Wegmans had elsewhere in discovery confined itself to *certain* explanations being those Plaintiff may have to contest at trial, then a limitation as to time-period may indeed be appropriate, but Wegmans has not made any showing that this is so. Similarly, Topics 8 and 10 request testimony on "all facts known to Defendant regarding the communications between Plaintiff and [his subordinate] regarding the latter's [preferred name and pronouns]," and all such communications themselves, without limitation to time. Again, these facts are clearly critical to Plaintiff's case, and Wegmans fails to establish why communications prior to a certain point in time would be irrelevant or particularly burdensome to prepare a witness to discuss. Wegmans therefore fails to meet its burden on this front, though for the reasons below, the point has been rendered moot by Niederberger's failure to support a request for an extension of time.

[2] Wegmans advances additional objections concerning Topics 3–5, which the Court declines to assess given what follows below.

"The primary factor in determining the existence of good cause for a discovery extension is the requesting party's diligence during the discovery period." *Rivera v. Praetorian Ins. Co.*, No. JKS 14-cv-2781, 2015 WL 6437199, at *2 (D. Md. Oct. 19, 2015). "Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." *Capitol Radiology, LLC v. Dimensions Health Corp.*, No. CV DKC 2005-3298, 2006 WL 8456966, at *2 (D. Md. Sept. 25, 2006) (quotations omitted). In evaluating a motion for an extension, "[t]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . *If that party was not diligent, the inquiry should end.*" *Id.* (quotations omitted) (emphasis in original).

In its Memorandum and Order on Wegman's previous Motion to Quash, the Court noted:

> Niederberger has not been diligent in his efforts to take the deposition at issue. . . . Niederberger first served his 30(b)(6) notice in December 2024. He failed to reduce the number of topics until nearly nine months later, in August 2025, despite repeated, consistent objections from Wegmans, and even then, he narrowed them only minimally. Niederberger ultimately served the [then-pending] notice on August 18, 2025, less than a month before the then-applicable discovery deadline (*see* ECF No. 47), leaving little time for the parties to resolve this dispute without the involvement of the Court.

Thereafter, the Court noted that Niederberger "once again failed to exhibit diligence" in letting his deadline to take the deposition pass by more than a month before seeking relief of the Court to extend that deadline. (ECF No. 66.) Despite the Court's explicit warning that "further requests for extension will not be viewed favorably by the Court" (*id.*), Niederberger *again* allowed his *new* deadline to pass before seeking leave of the Court for a further extension of the deadline. (*See* ECF No. 82 (requesting, on March 2, 2026, an extension of the then-applicable February 28, 2026, deadline).)

Niederberger's negotiations with Wegmans have been similarly slow-moving. When Wegmans sent Niederberger a letter outlining objections (ECF No. 67-7) to his Third Amended Notice of Deposition (ECF No. 67-6) (the first notice served after the Court granted him

8

permission to re-serve a more limited notice), it took Niederberger more than a week to propose a teleconference to discuss. (ECF No. 67-8.) After the teleconference took place, it took him nearly another week—six days—to serve a Fourth Amended Notice (ECF No. 67-10). After another teleconference was held to discuss Wegmans' objections to the Fourth Amended Notice, Niederberger waited an additional ten days before serving his Fifth Amended Notice. (ECF No. 67-13.) Wegmans wrote another letter outlining objections to that notice (ECF No. 67-15), and Niederberger waited a full *twenty-two* additional days before proposing a call to discuss. (ECF No. 67-18.) Finally, after a teleconference was held concerning those objections, it took Niederberger more than another week—nine days—to serve the Sixth Amended Notice, the notice now pending and at issue in Wegmans' motion. (ECF No. 68.)

These time frames do not demonstrate the kind of care and diligence that might support a request for extension, especially in light of Niederberger's previous delays and the Court's repeated admonitions. Thus, even if Wegmans has not demonstrated that each and every aspect of all ten pending 30(b)(6) topics are objectionable, still the Court will not permit Niederberger to serve a revised notice. The pending notice will be quashed in its entirety and a protective order barring Niederberger from issuing a revised 30(b)(6) order will issue.

### B. Attorney's Fees and Expenses

Wegmans' request for an award of attorney's fees and expenses incurred in the filing of its Motion will be granted. Rule 26 provides that where a party from whom discovery is sought moves for a protective order, "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5), in turn, provides that

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, [unless] (i) the movant filed the motion before attempting in good faith to [resolve the issue] without court

9

action; (ii) the opposing party's [position] was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The Court finds that none of the exceptions listed above exist here—Wegmans has demonstrated that it filed its motion only after attempting to negotiate in good faith a set of deposition topics that would be mutually agreeable, and Niederberger has not established that either his insistence on the topics listed in his pending notice or his delay was substantially justified. Therefore, the Court will award Wegmans its expenses here.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Wegmans Food Markets, Inc.'s Second Motion to Quash and for Protective Order (ECF No. 67) will be granted. A separate Order will issue.

DATED this ___9___ day of April, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

10