IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL NIEDERBERGER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-2759 |
| WEGMANS FOOD MARKETS, INC., | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff Michael Niederberger's Motion for Reconsideration (ECF No. 87) and Wegmans Food Markets, Inc.'s ("Wegmans") Motion for Attorneys' Fees (ECF No. 88.) For the reasons that follow, the Motion for Reconsideration will be denied, and the Motion for Attorneys' Fees will be granted in part.

### I. Background

Niederberger filed suit against Wegmans alleging various counts of employment discrimination. (ECF No. 1.) All but two counts were dismissed. (ECF No. 28.) The surviving counts allege that Wegmans failed to accommodate Niederberger's religious beliefs when it imposed discipline, including removal from a supervisory position, for his refusal to use the preferred gender pronouns of a coworker under his supervision. (See ECF No. 27.)

The case proceeded to discovery, and Niederberger served a Notice of 30(b)(6) Deposition of Wegmans on December 24, 2024. (ECF Nos. 57 at 6, 58 at 2.) The notice included 70 topics, and Wegmans objected, writing that the notice was "substantially overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly given the narrow issue that remains."

(ECF Nos. 57-5, 57-6.) Over the course of several months, the parties exchanged amended notices and further objections, which they were unable to resolve on their own.

On September 12, 2025, Wegmans filed its first Motion to Quash and for Protective Order (ECF No. 57), which Court granted in part and denied in part on October 16, 2025. (ECF Nos. 60, 61.) As is relevant here, the Court quashed Niederberger's pending deposition notice, which listed 58 topics, as unduly burdensome and not proportional to the needs of the case, but ordered that Niederberger would be permitted to take a 30(b)(6) deposition of Wegmans if he timely served a revised, lawful notice with no more than 10 topics, stated with reasonable particularity, and completed the deposition within 30 days of service of such notice. (ECF No. 61.) The Court noted that Niederberger "ha[d] not been diligent in his efforts to take the deposition at issue." (ECF No. 60 at 5.) The Court explained that "Niederberger first served his 30(b)(6) notice in December 2024. He failed to reduce the number of topics until nearly nine months later, in August 2025, despite repeated, consistent objections from Wegmans, and even then, he narrowed them only minimally. Niederberger ultimately served the amended notice on August 18, 2025, less than a month before the then-applicable discovery deadline . . . , leaving little time for the parties to resolve this dispute without the involvement of the Court." (Id.) The Court also noted that this was not the first time it had noted Niederberger's lack of diligence, but found nevertheless that "a full prohibition on any 30(b)(6) deposition of Wegmans would be draconian." (Id.)

Niederberger then served a 10-topic amended notice on October 30, 2025 (ECF No. 67-6), making his deadline to complete the 30(b)(6) deposition November 30, 2025. The parties continued to exchange objections and amended notices (see, e.g., ECF Nos. 67-6, 67-7, 67-10, 67-13, 67-15), and Niederberger's November 30, 2025, deadline came and went. More than a month after the deadline had already passed, Niederberger sought leave of the Court to extend that deadline. (See ECF No. 66.) Given Wegmans' consent to the extension and approving of its

apparent effort to negotiate a mutually agreeable notice rather than resorting to the involvement of the Court, the Court extended Niederberger's deadline to take the deposition to February 28, 2026. (*Id.*) The Court warned Niederberger, however, "to take heed that further requests for extension [would] not be viewed favorably by the Court." (*Id.*)

Niederberger subsequently served yet another amended notice of deposition (ECF No. 68), which Wegmans claims "failed to make any meaningful revisions or incorporate various compromises Wegmans indicated it would agree to." (ECF No. 67-1 at 11; *see also* ECF Nos. 71– 72.) In serving the now-pending notice of deposition on January 29, 2026, Niederberger's counsel wrote that if Wegmans continued to find it objectionable, it should seek judicial intervention. (ECF No. 67-19.)

On February 10, 2026, Wegmans filed its Second Motion for Protective Order and to Quash (ECF No. 67), arguing that Niederberger has "repeatedly insisted on facially improper deposition topics, notwithstanding Wegmans' multiple good-faith offers of compromise," and has exhibited a "manifest lack of diligence in pursuing the instant dispute." (ECF 67-1 at 5, 11.) Wegmans sought an order quashing Niederberger's pending notice of deposition, barring Niederberger from deposing Wegmans on the topics set forth therein, and awarding Wegmans its attorneys' fees and costs incurred in the filing of its motion. (ECF Nos. 67, 67-26.) The Court granted the Motion, finding that

> There is good cause for a protective order barring Niederberger from deposing Wegmans. Several of the topics in the pending notice of deposition exceed the bounds of what is proportional to the needs of the case and consistent with the requirements of Rule 30(b)(6). The Court will therefore quash Niederberger's notice. Further, because Niederberger is out of time to serve a revised 30(b)(6) notice and has continued to pursue his case carelessly and without appropriate diligence, the Court will also deny Niederberger's request for a narrower remedy that permits him an extension of time within which to serve yet another revised notice . . . . The Court has afforded Niederberger ample opportunity to obtain the discovery he was once entitled to and finds it implausible that further instructions to negotiate the scope of his topics will suffice to resolve the instant dispute.

3

(ECF No. 85 at 4–5.)  The Court also concluded that it would award Wegmans its expenses and directed Wegman to file a motion seeking its fees.  (ECF No. 85 at 9–10; ECF No. 86.)

Niederberger has now filed a Motion for Reconsideration.  (ECF No. 87.)  He asks that the Court reconsider its denial of Niederberger's request for another extension of time to serve a revised 30(b)(6) notice and that the Court reconsider its award of expenses.  (ECF No. 87.)

Wegmans has filed a Motion for Attorneys Fees (ECF No. 88).

## II.   *Motion for Reconsideration*

The Court turns first to Niederberger's Motion for Reconsideration.  Under Federal Rule of Civil Procedure 54(b), "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *See also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted.").  In reviewing a motion for reconsideration of an interlocutory order, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and reconsider an interlocutory order only where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."  *Cezair v. JPMorgan Chase Bank, N.A.*, Civ. No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citations omitted).  With respect to the third circumstance, the Fourth Circuit explained that it is a high bar: "a prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018).  None of the circumstances meriting reconsideration are present here.

With respect to Neiderberger's request that the Court reconsider its protective order quashing the 30(b)(6) notice and barring him from issuing a revised one, he cites no intervening change in controlling law. And while he cites some additional evidence reflecting conversations between himself and counsel for Wegmans, such evidence was not "previously unavailable." Niederberger seeks to explain or clarify his apparent lack of diligence, but these are all arguments he should have raised in the first instance. In any event, those conversations do not cause the Court to conclude that Niederberger acted with the requisite diligence such that he should be granted another extension of time to serve a proper 30(b)(6) notice. Further, nothing in Niederberger's motion indicates that the Court's prior order was clearly erroneous or would cause manifest injustice. While the Court certainly appreciates that Niederberger is now without certain discovery, that circumstance resulted from Niederberger's lack of diligence.

And with respect to the award of attorneys' fees, there is likewise nothing that causes the Court to reconsider its prior ruling. As the Court previously explained, Rule 26 provides that, where a party from whom discovery is sought moves for a protective order, "Rule 37(a)(5) applies to the award of expenses." Rule 37(a)(5) provides that

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

The Court concluded that none of the exceptions apply, and it continues to so find. Niederberger raises no new intervening law, none of the arguments Niederberger raises now were unavailable to him in briefing the prior motion, and nothing in the Court's ruling is clearly erroneous. Indeed, although "[t]he burden is on the party facing sanctions to overcome a presumption in favor of an award of expenses," *Valle v. Wolff*, 627 B.R. 821, 828 (D. Md. 2021), Niederberger did not even

5

address Wegman's request for fees in his response in opposition to the Second Motion to Quash. (*See generally* ECF No. 79.) He cannot cure that failure now.

Niederberger explains that he "reads Rule 37(a)(5) to require a hearing before imposition of attorney's fees/expenses upon the opposing party." (ECF No. 87 at 11.) The rule does not require a hearing. It provides that the court must provide an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5). The Rule previously required a hearing, but it was amended in 1993 to require "an opportunity to be heard," "to make clear that the court can consider such questions on written submissions as well as on oral hearings." *See* Fed. R. Civ. P. 37 advisory committee's notes. The Court finds that no hearing is necessary here.

In short, Niederberger "is using his reconsideration filings as a way to relitigate the Court's prior decision because he is dissatisfied with the outcome." *Siguel v. King Farm Citizens Assembly, Inc.*, Civ. No. GLS-22-672, 2024 WL 3302672, at *10 (D. Md. July 3, 2024). The Court will deny the Motion for Reconsideration.

### III.    *Motion for Attorneys' Fees*

Wegmans' Motion for Attorneys' Fees seeks that the Court award $17,934 in fees for 29.4 hours of billable work. (ECF No. 88.) Wegmans explains that it incurred those fees in connection with the initial motion, and that it incurred 20.2 hours of billable work in connection with the motion itself and 9.2 hours for the reply, with a blended hourly rate of $610. (*Id.*)

Niederberger's opposition focuses in large part on his view that attorneys' fees should not be awarded at all. (*See* ECF No. 90 at 4 ("This Opposition is premised on the unreasonableness of Defendant's choice to reject informal resolution, to unnecessarily escalate this discovery dispute to expensive motions practice, its failure to mitigate costs, and the resultant inflation of its billable hours and the resultant fees to itself.").) However, the Court has already determined that an award of fees is warranted and has explained that such ruling is not subject to reconsideration.

6

Niederberger does not challenge Wegmans' attorneys' hourly rate. (ECF No. 90 at 4 ("Plaintiff does not challenge Defendant's respective counsel's biographical claims about themselves . . . . Nor does Plaintiff argue that the 'blended rate' of $610/hour is unreasonable, although its calculation methodology is not explained.").) Although Niederberger vaguely refers to Wegmans' "failure to mitigate costs," he does not provide detail regarding any objection to the amount of fees. (*See generally id.*).

However, in the Court's view, nearly 30 hours on a single discovery-related motion and reply is excessive. The Court will award Wegmans' one-half of the requested fees: $8,967. As Niederberger points out, Wegmans did not provide sufficient detail regarding how it spent 29.4 hours and incurred $17,934 in fees, and it was Wegmans' burden to provide such detail. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award." (citation and internal quotation marks omitted)).

## IV.    Conclusion

For the foregoing reasons, it is ORDERED that:

1.  Niederberger's Motion for Reconsideration (ECF No. 87) is DENIED; and

2.  Wegmans' Motion for Attorneys' Fees (ECF No. 88) is GRANTED IN PART. Wegmans' is AWARDED $8,967 in fees.

DATED this 16 day of June, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

7